Anthony M. Keats (Bar No. 123672)
akeats@kmwlaw.com
David K. Caplan  (Bar No. 181174)
dcaplan@kmwlaw.com
Caroline Y. Bussin (Bar. No. 239343)
cbussin@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California  90212
Telephone:  (310) 248-3830
Facsimile:  (310) 860-0363

Attorneys for Plaintiffs
STANLEY BLACK & DECKER, INC. and
THE BLACK & DECKER CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| STANLEY BLACK & DECKER, INC., and THE BLACK & DECKER CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>D&L ELITE INVESTMENTS, LLC, a California limited liability company d/b/a G BAY INTERNATIONAL; BILLY DENG, an individual; WEISHEN LUO, an individual; and JOHN DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**DOCUMENT FILED UNDER SEAL**<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK COUNTERFEITING (15 U.S.C. §§ 1114-1117);**<br>2. **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114);**<br>3. **FEDERAL FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**<br>4. **FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a));**<br>5. **FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c));**<br>6. **STATE STATUTORY UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 *et seq.*);**<br>7. **STATE TRADEMARK DILUTION (Cal. Bus. & Prof. Code § 14247);**<br>8. **COMMON LAW UNFAIR COMPETITION; and,**<br>9. **CONSTRUCTIVE TRUST (Cal. Civ. Code § 2224).**<br><br>**DEMAND FOR JURY TRIAL** |

1       Plaintiffs, STANLEY BLACK & DECKER, INC. and THE BLACK & DECKER

2   CORPORATION (collectively "Plaintiffs" or "Black & Decker"), complain of Defendants as

3   follows:

4                                       **STATEMENT OF THE CASE**

5       1.    This is an action for injunctive relief and profits under the Lanham Act and State and

6   common law based on the Defendants' offering for sale of counterfeit batteries that infringe

7   Plaintiffs' famous DEWALT trademarks and distinctive yellow and black batteries sold under the

8   DeWalt brand.

9                                   **JURISDICTION AND VENUE**

10      2.    This Court has subject matter jurisdiction over Plaintiffs' Federal trademark

11  counterfeiting, infringement, false designation of origin and dilution claims pursuant to 15 U.S.C. §

12  1121; 28 U.S.C. § 1331, 1332(a), and § 1338(a).

13      3.    This Court has subject matter jurisdiction over the remaining claims pursuant to 28

14  U.S.C. § 1367, since those claims are related to and arise from the same set of facts as Plaintiffs'

15  federal trademark claims.

16      4.    This Court has personal jurisdiction over Defendants because Defendants do business

17  within this judicial district, and the acts complained of occurred in this judicial district.

18      5.    Venue in this district is proper pursuant to 28 U.S.C. § 1391because the claims

19  asserted arise in this district.

20                                      **PARTIES**

21      6.    Stanley Black & Decker, Inc. is a Maryland corporation having its principal place of

22  business at 701 East Joppa Road, Towson, Maryland.  Stanley Black & Decker, Inc. is a leading U.S.

23  designer, manufacturer and marketer of professional tools, including DeWalt brand tools, and is the

24  exclusive licensee of the trademark rights of The Black & Decker Corporation.

25      7.    The Black & Decker Corporation is a Maryland corporation having its principal place

26  of business at 701 East Joppa Road, Towson, Maryland.  The Black & Decker Corporation owns all

27  trademark rights relating to the products of Stanley Black & Decker, Inc.

28

COMPLAINT

8.      Plaintiffs are informed and believe and thereupon allege that defendant D&L Elite Investments, LLC d/b/a G Bay International ("G Bay International") is a California corporation having its principal place of business at 30502 Huntwood Ave., Unit A, Hayward, Ca 94544.  G Bay International is a wholesaler and retailer of power tools and accessories.  G Bay International also imports, distributes, and/or manufactures, uses, offers for sale and/or sells power tools and related products including without limitation the yellow and black batteries at issue in this action in various locations nationwide including in California and in this judicial district.

9.      Plaintiffs are informed and believe and thereupon allege that at all times relevant hereto defendant, Billy Deng (a/k/a Billy Beng, Quan Bin Beng, Bill Tang Deng, Billy Quian Deng), individually and doing business as the agent of G Bay International, has been and is doing business in this judicial district and the State of California.  Defendant Deng has been and is importing, distributing, manufacturing, offering for sale and/or selling power tools and related products including without limitation the yellow and black batteries at issue in this action in various locations nationwide including in California and in this judicial district via his principal place of business located at 30502 Huntwood Ave., Unit A, Hayward, Ca 94544.  Defendant Deng, by virtue of his position as the agent of defendant corporation G Bay International, directs and controls the infringing activity of G Bay International complained of herein.

10.      Plaintiffs are informed and believe and thereupon allege that at all times relevant hereto defendant, Weishen Luo (a/k/a Wei-Shen Wilson Luo), individually and doing business as a general partner of G Bay International, has been and is doing business in this judicial district and the State of California.  Defendant has been and is importing, distributing, manufacturing, offering for sale and/or selling power tools and related products including without limitation the yellow and black batteries at issue in this action in various locations nationwide including in California and in this judicial district via his principal place of business located at 2353 Old Post Way, San Jose, Ca 95132.  Defendant Luo, by virtue of his position as a general partner of defendant corporation G Bay International, directs and controls the infringing activity of G Bay International complained of herein.

COMPLAINT

1     11.     Plaintiffs are informed and believe and thereupon allege that at all times relevant

2    hereto defendants, John Does 1-10, are employees, officers, managers and/or directors of named

3    defendant G Bay International, which has been and is doing business in this judicial district and the

4    State of California.  The John Doe defendants, by virtue of their relationship to the named defendant

5    corporation, have been and are importing, distributing, manufacturing, offering for sale and/or

6    selling power tools and related products including without limitation the yellow and black batteries

7    at issue in this action in various locations nationwide including in California and in this judicial

8    district via the named defendant corporations' principal places of business, Web sites, and other

9    channels of commerce and places of business as yet unknown to Plaintiffs.  The John Doe

10   defendants, by virtue of their relationship to the named defendant corporation direct, control,

11   contribute, and/or otherwise participate in the infringing activity complained of herein.  Due to the

12   nature of the named defendants and their business practices, the identities of the various John Does

13   are not presently known, and the Complaint herein will be amended, if appropriate, to include the

14   name(s) of said individuals and/or entities when such information becomes available.  (The named

15   defendants and John Does 1-10 are hereinafter collectively referred to as "Defendants").

16                            **PLAINTIFFS' RIGHTS**

17     12.     After an extensive pre-selling effort in 1990-1991, Plaintiffs formally introduced the

18   DeWalt line of power tools in January 1992, including such things as chop saws, circular saws, miter

19   saws, screwdrivers, grinders, routers, sanders, reciprocating saws, jig saws, impact wrenches and

20   drills.  Plaintiffs then continuously expanded the family of DeWalt power tools, which now includes

21   an even wider variety of power tools and power tool accessories, including battery packs designed to

22   fit specifically with DeWalt power tools (collectively, the "DeWalt Tools").  Aside from the superior

23   performance characteristics of such products, Plaintiffs sought to associate the DeWalt tools and

24   accessories in the DeWalt line with a distinctive yellow and black color scheme.

25     13.     To promote the unique yellow and black combination and to create an immediate

26   association between the yellow and black color scheme and DeWalt products, Plaintiffs, at great

27   expense, conducted a wide range of promotional activities including safety seminars; hands-on

28

COMPLAINT

1   training and aid to students; sponsoring the "DeWalt Team Rodeo"; sponsoring racing boat and

2   racing car teams; advertising their DeWalt products on the World Wide Web; sponsoring industry

3   education programs sponsoring the "DeWalt Challenge" competitions nationwide; providing training

4   seminars to employees of retailers; sending groups of sales representatives in DeWalt color jackets

5   (driving vans with the DeWalt colors) to perform sales demonstrations at job sites, in stores and at

6   sporting events where DeWalt teams were in competition; conducting nationwide merchandising of

7   jackets and the like; providing DeWalt sales support for stores; and using a semi-trailer traveling

8   demo unit – all of which heavily utilized and promoted the DeWalt yellow and black colors.

9          14.     Plaintiffs own two incontestable trademark registrations in the United States Patent

10   and Trademark Office ("USPTO") for the DEWALT mark for use in connection with battery packs

11   (collectively the "DeWalt Trademarks"). Plaintiffs also own two incontestable trade dress

12   registrations in the USPTO for the DeWalt yellow and black color scheme for use in connection with

13   battery packs (collectively the "DeWalt Trade Dress"). Attached hereto as **Exhibit 1** are true and

14   correct copies of said registrations. These registrations are valid and subsisting and have become

15   incontestable. Attached hereto as **Exhibit 2** are true and correct copies of the TARR status pages

16   from the USPTO website showing that said registrations are now incontestable.

17          15.     Stanley Black & Decker, Inc. manufactures and sells DeWalt tools and accessories

18   bearing the DeWalt Trademarks and DeWalt Trade Dress, and the trademarks, trade dress and

19   goodwill of Black & Decker's business in connection with which the DeWalt Trademarks and Trade

20   Dress are used have never been abandoned.

21          16.     The Black & Decker Corporation is the exclusive distributor or licensor in the United

22   States of the DeWalt Trademarks and Trade Dress.

23          17.     DeWalt tools and accessories, including battery packs, are sold through nearly all the

24   leading department stores, hardware stores and other legitimate retail outlets such as Home Depot,

25   Lowe's Home Improvement, Ace Hardware, True Value, and other major retailers throughout the

26   United States and in California in this jurisdiction. Plaintiffs have achieved hundreds of millions of

27   dollars in sales of DeWalt tools in California alone.

28

COMPLAINT

18.     Since 1992, Plaintiffs have spent over half a billion dollars promoting their DeWalt product line and the DeWalt Trademarks and Trade Dress.  As a result of Plaintiffs' extensive advertising and promotion of the DeWalt products, and billions of dollars in sales, as well as the inherently distinctive color trade dress of the DeWalt products, these products have become widely and favorably known and recognized in the trade and among professional purchasers and users of such products as originating with DeWalt and Plaintiffs.  The DeWalt name and identity have become indicative of high quality power tools for use in industrial, commercial, professional and "do-it-yourself" applications.

19.     As a consequence of these efforts and the enormous popularity of the DeWalt products, the DeWalt name and consistent yellow and black colors used in the entire DeWalt line have long been associated with Plaintiffs by purchasers and potential purchasers of such products. The non-functional color combination alone attracts customers and creates an immediate association with Plaintiffs' DeWalt product line and quality image.

20.     In 1998, Judge Cacheris of the United States District Court for the Eastern District of Virginia issued an extensive opinion finding that Plaintiffs' massive sales and marketing efforts "cased the distinctive yellow and black color scheme on the DeWalt line to achieve consumer recognition soon after its initial launch." *Black & Decker v. Pro-Tech*, 26 F.Supp.2d 834, 851 (E.D. Va. 1998).  "Professional power tool users began to associate yellow and black with DeWalt by March 1992…and Plaintiffs' aggressive marketing efforts certainly caused secondary meaning to arise by May of 1992." *Id.*

21.     Survey evidence credited in *Pro-Tech* showed that 95% of the professional power tool users contacted believed that a power tool having yellow and black colors originated with a single source, while 85% of the total correctly associated that color scheme with Plaintiffs or "DeWalt."  These results were obtained despite the fact the words DeWalt or "Black & Decker" were never mentioned to the survey respondents at any time.  Related "likelihood of confusion" surveys also elicited repeated, spontaneous mentions of DeWalt and Black & Decker – again, despite the fact that neither name was used.

COMPLAINT

22.     As a consequence, Judge Cacheris held that Plaintiffs' DeWalt yellow and black colors enjoy "a level of consumer recognition that parallels the extent to which the public associates golden arches with the McDonald's Corporation." *Pro-Tech*, 26 F.Supp.2d at 851.  The DeWalt yellow and black color scheme has achieved secondary meaning and is appropriately characterized as famous.

23.     In a subsequent lawsuit filed by Plaintiffs against Atlas Copco for its use of an infringing yellow and black color scheme, the court in the Eastern District of Virginia entered a Consent Judgment Order on January 2, 2001, which "permanently enjoined" Atlas Copco from "selling, marketing or distributing electric power tools and packaging for such tools having a yellow and black color combination."

24.     On April 10, 2002, the court in the Eastern District of Virginia entered a permanent injunction against other yellow and black tool infringers (Grex Power Tools and Frank Wong) in which Grex acknowledged infringement and that "Black & Decker has valid, enforceable, and protectable trademark and trade dress rights in its yellow and black color scheme for electric power tools and pneumatic tools."

25.     Numerous other competitors in the industry have also recognized Plaintiffs' trademark and trade dress rights in the colors yellow and black.

## **DEFENDANTS COUNTERFEITING AND INFRINGING CONDUCT**

26.     Long after Plaintiffs' adoption and use of the DeWalt Trademarks and yellow and black DeWalt Trade Dress on DeWalt tools, and long after Plaintiffs' federal registration of their DeWalt Trademarks and DeWalt Trade Dress, Defendants, upon information and belief, commenced manufacturing, distributing, advertising, selling and/or offering for sale their copycat yellow and black batteries bearing infringements of the DeWalt Trademarks and DeWalt Trade Dress ("Defendants' Infringing Goods").  True and correct copies of photographs accurately depicting Plaintiffs' genuine DeWalt batteries are attached hereto as **Exhibit 3**.  True and correct copies of photographs accurately depicting Defendants' Infringing Goods are attached hereto as **Exhibit 4**.

COMPLAINT

1    27.    Upon information and belief, Defendants are manufacturing, distributing, advertising,

2    selling and/or offering for sale Defendants' Infringing Goods into this judicial district via their

3    principal place of business located at 30502 Huntwood Ave., Unite A, Hayward, Ca 94544, and

4    through 2353 Old Post Way, San Jose, CA 95132-2560.

5    28.    Upon information and belief, the activities of Defendants complained of herein

6    constitute willful and intentional infringement of the DeWalt Trademarks and DeWalt Trade Dress

7    are in total disregard of the Plaintiffs' rights, and were commenced and have continued despite

8    Defendants' knowledge that their unauthorized use of the DeWalt Trademarks and DeWalt Trade

9    Dress (or copies or colorable imitations thereof) was and is in direct contravention of Plaintiffs'

10   rights.

11   29.    Upon information and belief, Defendants' unauthorized use of their copycat yellow

12   and black batteries which duplicate or otherwise imitate the DeWalt Trademarks and DeWalt Trade

13   Dress began years after the DeWalt Trademarks and DeWalt Trade Dress had become famous

14   trademarks of Plaintiffs and Defendants have continued their infringement despite having full notice

15   and knowledge of Plaintiffs' prior rights.  Defendants' use of the DeWalt Trademarks and distinctive

16   yellow and black DeWalt Trade Dress is without Plaintiffs' consent, is likely to cause confusion and

17   mistake in the minds of purchasers, and tends to and does create the false impression that Defendants

18   and/or Defendants' Infringing Goods are authorized, sponsored, or approved by Plaintiffs.

19   **FIRST CLAIM FOR RELIEF**

20   **(Federal Trademark Counterfeiting)**

21   **[15 U.S.C. §§ 1114-1117]**

22   30.    Plaintiffs incorporate all prior allegations as if set forth fully herein.

23   31.    Defendants have used in commerce spurious marks that are identical with or

24   substantially indistinguishable from the federally registered DeWalt Trademarks and DeWalt Trade

25   Dress in connection with Defendants' sale, offering for sale, distribution and/or advertising of

26   Defendants' Infringing Goods.

27

28

COMPLAINT

32.     Defendants have counterfeited and infringed the DeWalt Trademarks and DeWalt Trade Dress. Defendants' use of the DeWalt Trademarks and DeWalt Trade Dress in connection with Defendants' Infringing Goods was and is without Plaintiffs' authorization or consent.

33.     Defendants' use of the DeWalt Trademarks and DeWalt Trade Dress in connection with Defendants' Infringing Goods is likely to cause confusion, mistake or deception of consumers as to the source of origin or sponsorship of the products, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34.     Defendants' advertising, offering for sale and/or sale of Defendants' Infringing Goods has and is subjecting consumers to confusion in that consumers are likely to purchase Defendants' Infringing Goods falsely believing that Defendants and/or Defendants' Infringing Goods are affiliated, connected, or associated with Plaintiffs, or falsely believing that Defendants and/or Defendants' Infringing Goods originate from, or are sponsored or approved by Plaintiffs when they are not.

35.     Defendants' conduct exploits the goodwill and reputation associated with Plaintiffs and Plaintiffs' registered DeWalt Trademarks.

36.     Plaintiffs have no control over the quality of Defendants' Infringing Goods.  Because of the very real likelihood of confusion as to the source of Defendants' Infringing Goods, Plaintiffs' reputation and valuable goodwill in their trademarks is subject to Defendants' unscrupulous tactics.

37.     Defendants' activities as aforesaid create the false and misleading impression that Defendants are sanctioned, authorized and/or licensed by Plaintiffs to use Plaintiffs' DeWalt Trademarks and DeWalt Trade Dress in connection with Defendants' Infringing Goods, when Defendants are not so authorized.

38.     Defendants' unauthorized use of the DeWalt Trademarks and DeWalt Trade Dress as set forth above has resulted in Defendants unfairly benefiting from Plaintiffs' advertising and promotion, and profiting from Plaintiffs' reputation and their registered DeWalt Trademarks and DeWalt Trade Dress to the substantial and irreparable injury of the public, Plaintiffs, and the DeWalt Trademarks and DeWalt Trade Dress, and the substantial goodwill represented thereby.

COMPLAINT

39.     Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiffs and unless such acts are restrained by this Court, they will continue thereby causing Plaintiffs to continue to suffer great and irreparable injury.  Plaintiffs have no adequate remedy at law.

40.     Defendants' acts of counterfeiting as alleged herein have been undertaken with knowledge of Plaintiffs' exclusive rights to the DeWalt Trademarks and DeWalt Trade Dress, entitling Plaintiffs to an award of treble Defendants' profits, plus attorneys' fees in bringing and maintaining this action, pursuant to 15 U.S.C. § 1117(b); or alternatively, of statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement)

### [15 U.S.C. § 1114]

41.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

42.     The DeWalt Trademarks are fanciful and arbitrary and are associated in the mind of the public exclusively with Plaintiffs.

43.     Based on Plaintiffs' extensive advertising, sales, and the wide popularity of the DeWalt Tools, the DeWalt Trademarks have acquired secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of, and affiliated with, Plaintiffs.

44.     Defendants make unauthorized use of the DeWalt Trademarks in commerce in connection with Defendants' sale, distribution and advertising of Defendants' Infringing Goods.

45.     The use by Defendants of the DeWalt Trademarks without Plaintiffs' consent or authorization in connection with Defendants' Infringing Goods in their stores is likely to cause confusion, mistake or deception of consumers as to the source of origin or sponsorship of the products, in violation of 15 U.S.C. § 1114.

46.     Defendants' aforesaid acts constitute trademark infringement in violation of 15 U.S.C. § 1114.

COMPLAINT

47.     For each act of infringement, Plaintiffs are entitled to recover Defendants' profits pursuant to 15 U.S.C. § 1117.

48.     Plaintiffs are informed and believe and thereupon allege that Defendants' infringement is both intentional and egregious entitling Plaintiffs to an award of treble Defendants' profits, plus attorneys' fees in bringing and maintaining this action, pursuant to 15 U.S.C. § 1117(b).

49.     Monetary relief alone, however, is not adequate to address fully the irreparable injury that Defendants' wrongful acts have caused and will continue to cause to Plaintiff if such acts are not enjoined by this Court.  Plaintiffs are, therefore, entitled to permanent injunctive relief to stop Defendants' ongoing counterfeiting and infringement of Plaintiff's DeWalt trade dress.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition and

### False Designation of Origin)

### [15 U.S.C. § 1125(a)]

50.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

51.     Defendants have, in connection with their infringing goods, used in commerce Plaintiffs' DeWalt Trademarks and DeWalt Trade Dress.

52.     Defendants' creation, production, offering for sale, sale, advertisement and/or distribution of Defendants' Infringing Goods, which use Plaintiffs' DeWalt Trademarks and distinctive yellow and black DeWalt Trade Dress, has been and is without Plaintiffs' permission or consent, and constitutes designation of a term, symbol, device or combination thereof, that is false or misleading within the meaning of 15 U.S.C. § 1125.

53.     Plaintiffs have suffered harm as a result of Defendants' acts.

54.     By their aforesaid acts, particularly Defendants' imitation of the DeWalt Trademarks and yellow and black DeWalt Trade Dress that Plaintiffs use in connection with their goods and services, which are sold and distributed in interstate commerce and in this judicial district, Defendants have infringed and are likely to continue to infringe on Plaintiff's substantial rights in and to the DeWalt Trademarks and DeWalt Trade Dress.  In so doing, Defendants have represented

-10-

and designated falsely to the public generally, and to relevant consumers specifically, the source of origin of Plaintiff's DeWalt Trademarks and DeWalt Trade Dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.    Defendants' Infringing Goods constitute false descriptions and representations tending to falsely describe or represent Defendants and Defendants' Infringing Goods as being authorized, sponsored, affiliated or associated with Plaintiffs, when in fact they are not.

56.    Defendants' use of counterfeits, copies and confusingly similar imitations of the DeWalt Trademarks and Plaintiff's distinctive yellow and black DeWalt Trade Dress on Defendants' Infringing Goods will likely cause confusion and mistake, deceive and mislead the purchasing public, trade upon Plaintiffs' reputation for producing goods of the highest quality, and improperly appropriate to themselves Plaintiffs' valuable intellectual property rights.

57.    For each act of infringement, Plaintiffs are entitled to recover Defendants' profits pursuant to 15 U.S.C. § 1117.

58.    Plaintiffs are informed and believe and thereupon allege that Defendants' infringement is both intentional and egregious entitling Plaintiffs to an award of treble Defendants' profits, plus attorneys' fees in bringing and maintaining this action, pursuant to 15 U.S.C. § 1117(b).

59.    Monetary relief alone, however, is not adequate to address fully the irreparable injury that Defendants' wrongful acts have caused and will continue to cause to Plaintiff if such acts are not enjoined by this Court.  Plaintiffs are, therefore, entitled to permanent injunctive relief to stop Defendants' ongoing counterfeiting and infringement of Plaintiff's DeWalt trade dress.

## FOURTH CLAIM FOR RELIEF

### (Federal Trade Dress Infringement)

### [15 U.S.C. § 1125(a)]

60.    Plaintiffs incorporate all prior allegations as if set forth fully herein.

61.    This claim is for trade dress infringement of the non-descriptive, non-functional aspects of Plaintiffs' selection, design, and marketing efforts for their yellow and black color scheme for batteries, as identified in Plaintiffs' DeWalt Trade Dress registrations.

-11-

62.     Plaintiffs have expended considerable time, effort and resources to design and develop unique and inherently distinctive colors and appearances for their entire family of DeWalt power tools.  The yellow and black color scheme has been featured prominently in Plaintiffs' in-store, on-site and other advertisements and promotions for their DeWalt line of products, including battery packs.  This unique trade dress has become associated with the success of Plaintiffs' DeWalt products and has become an indication of a single, high-quality source for those products in the minds of the relevant purchasing public.  As a result, this non-descriptive, non-functional DeWalt Trade Dress is a valuable, irreplaceable asset of Plaintiffs' business.

63.     Defendants' selection and use of substantially similar (if not identical) colors, graphics, looks and appearances for their batteries is likely to mislead and confuse the public as to the source, sponsorship and/or affiliation of Defendants' Infringing Goods.  Because of the nearly-identical look of Defendants' Infringing Goods to Plaintiffs' non-descriptive, non-functional trade dress associated with Plaintiffs' DeWalt batteries, the public is likely to believe that Defendants' products are in some way affiliated or associated with, or sponsored by, Plaintiffs.

64.     For each act of infringement, Plaintiffs are entitled to recover Defendants' profits pursuant to 15 U.S.C. § 1117.

65.     Plaintiffs are informed and believe and thereupon allege that Defendants' infringement is both intentional and egregious entitling Plaintiffs to an award of treble Defendants' profits, plus attorneys' fees in bringing and maintaining this action, pursuant to 15 U.S.C. § 1117(b).

66.     Monetary relief alone, however, is not adequate to address fully the irreparable injury that Defendants' wrongful acts have caused and will continue to cause to Plaintiff if such acts are not enjoined by this Court.  Plaintiffs are, therefore, entitled to permanent injunctive relief to stop Defendants' ongoing counterfeiting and infringement of Plaintiff's DeWalt trade dress.

## FIFTH CLAIM FOR RELIEF

### (Federal Trademark Dilution)

### [15 U.S.C. § 1125(c)]

67.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

1    68.    Plaintiffs are the exclusive owners of the DeWalt Trademarks and distinctive yellow

2  and black DeWalt Trade Dress.

3    69.    Defendants' use of the DeWalt Trademarks and DeWalt Trade Dress on Defendants'

4  Infringing Goods constitutes Defendants' commercial use in commerce of the DeWalt Trademarks

5  and DeWalt Trade Dress.

6    70.    Based on Plaintiffs' extensive sales, marketing and advertising of the DeWalt

7  Trademarks and the DeWalt Trade Dress, Plaintiffs' DeWalt Trademarks and DeWalt Trade Dress

8  have become distinctive and famous pursuant to 15 U.S.C. § 1125(c).

9    71.    The nearly identical style, look, and overall visual appearance of Defendants'

10  Infringing Products, as well as Defendants' efforts to pass of their products as being made, marketed,

11  sponsored, licensed or otherwise approved by Plaintiffs, are eroding the distinctiveness of the

12  famous yellow and black color scheme and DeWalt Trademarks.

13    72.    Defendants' use of Plaintiffs' DeWalt Trademarks and DeWalt Trade Dress began

14  only after such marks became famous.

15    73.    Defendants' actions have caused dilution of Plaintiffs' DeWalt Trademarks and

16  DeWalt Trade Dress by lessening the capacity of the marks to identify and distinguish Plaintiffs'

17  DeWalt goods.

18    74.    Plaintiffs are threatened with injury through this dilution of their trademark rights, as

19  well as immediate and direct injury to their name, image and business reputations.

20    75.    Plaintiffs are informed and believe and thereupon allege that Defendants have

21  willfully intended to trade on Plaintiffs' reputation and/or to cause dilution of Plaintiffs' famous

22  marks.

23    76.    Plaintiffs have no adequate remedy at law.  The conduct of Defendants has caused,

24  and if not enjoined will continue to cause, Plaintiffs irreparable harm and damage their trademarks

25  and common law trademarks and to Plaintiffs' businesses, reputations, and goodwill.

26  ///

27  ///

28

COMPLAINT

1

**SIXTH CLAIM FOR RELIEF**

2

**(State Statutory Unfair Competition)**

3

**[Cal. Bus. & Prof. Code §§ 17200 *et seq.*]**

4
77.    Plaintiffs incorporate all prior allegations as if set forth fully herein.

5
78.    Plaintiffs are the owners of all rights, title, and interest in the DeWalt Trademarks and

6
DeWalt Trade Dress.

7
79.    Plaintiffs state, upon information and belief, and thereupon allege, that Defendants

8
have intentionally appropriated one or more of the DeWalt Trademarks and DeWalt Trade Dress

9
with the intent of causing confusion, mistake, and deception as to the source of their goods with the

10
intent to palm off their goods as those of Plaintiffs and to place others in the position to palm off

11
their goods as those of Plaintiffs.

12
80.    Plaintiffs state, upon information and belief and thereupon allege, that Defendants'

13
actions, including those specifically complained of herein, with respect to Defendants'

14
misappropriation of Plaintiffs' DeWalt Trademarks and DeWalt Trade Dress in connection with

15
Plaintiffs' DeWalt products, advertisements and packaging have violated the unfair competition laws

16
of the State of California, specifically California Business and Professions Code §§ 17200 *et seq.*

17
81.    Plaintiffs have no adequate remedy at law.  The conduct of Defendants has caused,

18
and if not enjoined will continue to cause, Plaintiffs irreparable harm and damage their DeWalt

19
Trademarks and DeWalt Trade Dress and to Plaintiffs' businesses, reputations, and goodwill.

20

**SEVENTH CLAIM FOR RELIEF**

21

**(State Statutory Trademark Dilution)**

22

**[Cal. Bus. & Prof. Code § 14247]**

23
82.    Plaintiffs incorporate all prior allegations as if set forth fully herein.

24
83.    Plaintiffs state, upon information and belief, and thereupon allege, that Defendants'

25
acts have caused a likelihood of injury to Plaintiffs' goodwill and business reputations, impaired the

26
effectiveness of the DeWalt Trademarks and DeWalt Trade Dress, and diluted Plaintiffs' distinctive

27
trademarks and trade dress.  Defendants' use of the yellow and black color scheme, and the nearly

28

-14-

1   identical color, look and appearance of Defendants' Infringing Products and packaging, is likely to

2   cause an erosion of the distinctiveness of Plaintiffs' yellow and black trademark and trade dress

3   rights.  Similarly, Defendants' use of the nearly identical style, look and overall visual appearance of

4   Defendants' Infringing Products, advertising and packaging, as well as their efforts to pass-off their

5   products as being made, marketed, sponsored, licensed or otherwise approved by Plaintiffs, is likely

6   to cause an erosion of the distinctiveness of Plaintiffs' trademark and common law trademark and

7   trade dress rights in the yellow and black color combination and in the overall style, look and feel of

8   Plaintiffs' DeWalt yellow and black products.

9       84.     Plaintiffs state, upon information and belief, and thereupon allege, that Defendants'

10   acts, including those specifically complained of herein, have caused dilution of Plaintiffs' trademark

11   and common law trademark rights by, among other things, lessening the capacity of such rights to

12   identify and distinguish Plaintiffs' distinctive yellow and black color scheme in violation the

13   trademark laws of the State of California and specifically California Business and Professions Code

14   § 14247.

15       85.     Plaintiffs have no adequate remedy at law.  The conduct of Defendants has caused

16   and, if not enjoined, will continue to cause, irreparable damage to Plaintiffs' rights in and to their

17   trademarks, and to Plaintiffs' businesses, reputations, and goodwill.

### EIGHTH CLAIM FOR RELIEF

#### (State Common Law Unfair Competition)

20       86.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

21       87.     Plaintiffs are  the owners of all right, title, and interest in and to the DeWalt

22   Trademarks and yellow and black DeWalt Trade Dress used by Plaintiffs by virtue of their extensive

23   manufacture and sale of products bearing such trademarks and trade dress (collectively, Plaintiffs'

24   "common law trademarks") as set forth in the preceding paragraphs of this Complaint.  In particular,

25   because of their enormous sales and publicity, Plaintiffs' have acquired common law trademark

26   rights in and to their DeWalt Trademarks and yellow and black DeWalt Trade Dress for their

27   DeWalt products.

28

COMPLAINT

88.     The counterfeit and/or infringing products imported, advertised, distributed, offered for sale and sold by Defendants incorporate matter constituting replicas and imitations of Plaintiffs' common law trademarks.  Such unauthorized use by Defendants of Plaintiffs common law trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe such products are authentic products of Plaintiffs when, in fact, they are not.

89.     Upon information and belief, Defendants have willfully and intentionally misappropriated one or more of Plaintiffs' common law trademarks with the intent of causing confusion, mistake, and deception as to the source of their goods and with the intent to palm off their goods as those of Plaintiffs and to place others in the position to palm off their goods as those of Plaintiffs, and as such, Defendants have committed trademark infringement and unfair competition under the common law.

90.     By such actions in infringing Plaintiffs' common law trademarks, Defendants are improperly trading upon the enviable reputation and goodwill of Plaintiffs and are impairing Plaintiffs' valuable rights in and to such trademarks.

91.     Plaintiffs are informed and believe and thereupon allege that Defendants committed the above alleged acts oppressively, fraudulently, maliciously and in conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of California in an amount sufficient to punish, deter, and make an example of Defendants.

92.     Plaintiffs have no adequate remedy at law.  The conduct of Defendants has caused and, if not enjoined, will continue to cause, irreparable damage to Plaintiffs' rights in and to their trademarks, and to Plaintiffs' businesses, reputations, and goodwill.

///

///

///

COMPLAINT

1
2
3

### NINTH CLAIM FOR RELIEF

**(Constructive Trust)**

**[Cal. Civ. Code § 2224]**

4      93.     Plaintiffs incorporate all prior allegations as if set forth fully herein.

5      94.     Plaintiffs state, upon information and belief and thereupon allege, that Defendants

6 own and/or possess tangible real and/or personal properties and assets including, but not limited to,

7 bank, savings, and/or other financial accounts, consisting of and/or obtained by profit derived from

8 Defendants' unauthorized manufacture, distribution, and/or sale of counterfeit and infringing

9 products.

10      95.     Plaintiffs are entitled to the profits Defendants have derived from the infringement

11 and dilution of the DeWalt Trademarks and DeWalt Trade Dress under 15 U.S.C. §§ 1114 and 1125

12 *et seq.*

13      96.     Plaintiffs have no adequate remedy at law and have suffered irreparable harm and

14 damage as a result of Defendants' acts as aforementioned.  Defendants hold those tangible real

15 and/or personal properties and assets consisting of and/or obtained by profit derived from

16 Defendants' infringing activities as constructive trustees for the benefit of Plaintiffs, in an amount

17 thus far not determined.

18                         **PRAYER FOR RELIEF**

19      WHEREFORE, Plaintiffs demand judgment against the Defendants as follows:

20      97.     That the Court order that Defendants, their agents, servants, employees,

21 representatives, successors, and assigns, and all persons, firms, or corporations in active concert or

22 participation with any of Defendants, be immediately enjoined from:

23                  a.     directly or indirectly infringing Plaintiffs' trademarks and trade dress as

24                       described above in any manner including generally, but not limited to,

25                       copying, distributing, advertising, selling, and/or offering for sale any

26                       merchandise that infringes Plaintiffs' trademarks and/or trade dress including

27                       without limitation Defendants' Infringing Goods, and specifically distributing,

28

COMPLAINT

1      advertising, selling, and/or offering for sale unauthorized copies of the

2      DeWalt Trademarks and/or the DeWalt trade dress or any other unauthorized

3      goods that picture, reproduce, or utilize the likenesses of or which copy or

4      bear a substantial similarity to any of Plaintiffs' trademarks and trade dress; or

5      b.     engaging in any conduct that tends falsely to represent that, or is likely to

6      confuse, mislead, or deceive purchasers, Defendants' customers, and/or

7      members of the public to believe that, the actions of Defendants, the

8      infringing products sold by Defendants, or Defendants themselves are

9      connected with Plaintiffs, are sponsored, approved, or licensed by Plaintiffs,

10     or are in some way connected or affiliated with Plaintiffs;

11     c.     affixing, applying, annexing, or using in connection with the manufacture,

12     distribution, advertising, sale, and/or offering for sale or other use of any

13     goods or services, a false description or representation, including words or

14     other symbols, tending to falsely describe or represent such goods as being

15     those of Plaintiffs;

16     d.     otherwise competing unfairly with Plaintiffs in any manner;

17     e.     diluting and infringing the DeWalt Trademarks and DeWalt Trade Dress and

18     damaging Plaintiffs' goodwill, reputations, and businesses;

19     f.     during the pendency of this action, erasing, deleting, altering or destroying

20     Defendants' Infringing Goods that are in Defendants' possession or control;

21     and

22     g.     during the pendency of this action, destroying any documents, electronic files

23     or business records that pertain to the copying, reproduction, manufacture,

24     duplication, dissemination, or distribution of any of Defendants' Infringing

25     Goods manufactured, distributed and/or sold by Defendants or under

26     Defendants' authority, including any correspondence (including, but not

27     limited to, electronic mails), sales and supplier or customer journals, ledgers,

28

COMPLAINT

1    invoices, purchase orders, inventory control documents, bank records,

2    catalogues, recordings of any type whatsoever, and all other business records

3    and documents believed to concern the manufacture, purchase, advertising,

4    sale, or offering for sale of such infringing copies;

5    h.    effecting assignments or transfers, forming new entities or associations or

6    utilizing any other device of the purpose of circumventing or otherwise

7    avoiding the prohibitions set forth in subparagraphs a-g, above.

8    98.    That the Court issue an order directing the United States Marshal or other law

9    enforcement officers to enter Defendants' premises identified hereinabove, namely, 30502

10    Huntwood Ave., Unite A, Hayward, Ca 94544, or 2353 Old Post Way, San Jose, Ca 95132, and/or

11    around the premises of any warehouses, vehicles, other storage containers, or other locations

12    controlled by any of the Defendants, or their employees, agents, servants or representatives as may

13    become known or may be apparent from evidence seized from the above-listed locations, and that

14    Plaintiffs and/or their designees be authorized to seize the following items which are in Defendants'

15    possession, custody, or control:

16    a.    all computers, including all peripherals and storage devices (including without

17    limitation hard drives, floppies, CDs, DVDs, and removable media, data

18    cartridges and/or other backup media), located in Defendants' premises which

19    embody or contain records relating to the sale of Defendants' Infringing

20    Goods, or computers which were used to commit any of the infringing acts

21    complained of herein;

22    b.    any other matter or material in any media embodying any unauthorized copies

23    of the DeWalt Trademarks and/or the DeWalt Trade Dress or any other

24    evidence of infringement, including, but not limited to, disks, tapes, electronic

25    mails, documents, or software;

26    c.    all goods and counterfeit marks involved in the violation of Plaintiffs'

27    trademark and trade dress rights, and the means of making such marks, and

28

-19-

1 records documenting the manufacture, sale, or receipt of things involved in

2 such violation, as set forth in 15 U.S.C. § 1116(d)(1)(A);

3  d. any unauthorized promotional and/or advertising material, packages,

4  wrappers, containers, and any other unauthorized items that picture,

5  reproduce, or utilize the likenesses of or copy or bear a substantial similarity

6  to any of the DeWalt Trademarks and/or the DeWalt Trade Dress, or markings

7  substantially indistinguishable therefrom; and

8  e. any correspondence including without limitation electronic mails, sales

9  journals, supplier journals, customer journals, ledgers, invoices, purchase

10  orders, shipping logs, inventory control documents, bank records, catalogues,

11  product lists, computer files, recordings of any type whatsoever and all other

12  business records and documents believed to concern the manufacture,

13  distribution, purchase, advertising, sale and/or offering for sale of Defendants'

14  Infringing Goods.

15  99. That the Court issue an order allowing Plaintiffs (or their designees) to be allowed to

16 accompany the United States Marshal or other law enforcement officers and to assist in the seizure.

17  100. That the Court permit Plaintiffs (or their designees) to be allowed to photograph and

18 videotape Defendants' premises identified herein both before and after the seizure of Defendants'

19 Infringing Goods.

20  101. That the Court issue an order requiring Defendants to show cause why, pending trial

21 on the merits, it should not issue a Preliminary Injunction Order in accordance with Paragraph 97.

22  102. That the Court issue a Preliminary Injunction in accordance with the order requested

23 in Paragraph 97.

24  103. That the Court issue a Permanent Injunction making permanent the orders requested

25 in Paragraph 97.

26  104. That the Court issue an order requiring Defendants to pay to Plaintiffs such damages

27 as Plaintiffs have sustained as a consequence of Defendants' infringement of the DeWalt

28

COMPLAINT

Trademarks and DeWalt Trade Dress and unfair competition and to account for all gains, profits, and advantages derived by Defendants from the sale of their infringing merchandise bearing the DeWalt Trademarks and DeWalt Trade Dress and that the award to Plaintiffs be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $1,000,000 for each trademark that Defendants have willfully counterfeited and infringed.

105.    That the Court issue an order that Plaintiffs recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

106.    That Plaintiffs be awarded punitive damages for Defendants' willful and malicious acts of statutory and common law unfair competition.

107.    That this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

108.    That the Court issue an order awarding to Plaintiffs such other and further relief as the Court may deem just and proper.

Dated:  August 28, 2012                    By: _____
                                                Anthony M. Keats
                                                David K. Caplan
                                                Caroline Y. Bussin
                                                Keats McFarland & Wilson LLP
                                                Attorneys for Plaintiffs
                                                STANLEY BLACK & DECKER
                                                INC., and THE BLACK & DECKER
                                                CORPORATION

COMPLAINT

## DEMAND FOR JURY TRIAL

Stanley Black & Decker, Inc. and The Black & Decker Corporation hereby demand a trial by jury of all issues so triable.

Dated:  August 28, 2012

By: _____

Anthony M. Keats
David K. Caplan
Caroline Y. Bussin
Keats McFarland & Wilson LLP
Attorneys for Plaintiffs
STANLEY BLACK & DECKER
INC., and THE BLACK & DECKER
CORPORATION

COMPLAINT

# EXHIBIT 1

Int. Cls.: 7 and 9

Prior U.S. Cls.: 21 and 23

**United States Patent and Trademark Office**    Reg. No. 1,734,403
Registered Nov. 24, 1992

## TRADEMARK
### PRINCIPAL REGISTER

# DEWALT

BLACK & DECKER CORPORATION, THE (MARYLAND CORPORATION)
701 EAST JOPPA ROAD
TOWSON, MD 21204

FOR: POWER OPERATED TOOLS AND MACHINES; NAMELY, DRILLS, DRILL PRESSES, AND HAMMER DRILLS; IMPACT WRENCHES; PLANERS; ROUTERS; SANDERS; SHAPERS; AND SAWS; NAMELY, CHOP SAWS, CIRCULAR SAWS, MITER SAWS, PANEL SAWS, RADIAL ARM SAWS, RECIPROCATING SAWS, AND TABLE SAWS; BITS; NAMELY, DRILL BITS, ROUTER BITS, AND SCREWDRIVER BITS; DRILL CHUCKS; DRILL CHUCK KEYS; HOLE CUTTER; HOLE SAW MANDRELS; SAW BLADES; AND WHEELS; NAMELY, ABRASIVE WHEELS, GRINDING WHEELS, AND WIRE WHEELS; AND PARTS THEREFOR, IN CLASS 7 (U.S. CL. 23).

FIRST USE 0-0-1923; IN COMMERCE 0-0-1923.

FOR: BATTERY PACKS AND BATTERY CHARGERS, IN CLASS 9 (U.S. CL. 21).

FIRST USE 1-0-1992; IN COMMERCE 1-0-1992.

OWNER OF U.S. REG. NOS. 621,152 AND 1,328,005.

SEC. 2(F).

SER. NO. 74-257,871, FILED 3-23-1992.

KATHLEEN M. VANSTON, EXAMINING ATTORNEY

Int. Cls.: 7 and 9

Prior U.S. Cls.: 21 and 23

**United States Patent and Trademark Office**

Reg. No. 1,734,404
Registered Nov. 24, 1992

## TRADEMARK
### PRINCIPAL REGISTER

# DeWALT

BLACK & DECKER CORPORATION, THE (MARYLAND CORPORATION)
701 EAST JOPPA ROAD
TOWSON, MD 21204

FOR: POWER OPERATED TOOLS AND MA-CHINES; NAMELY, DRILLS, DRILL PRESSES, AND HAMMER DRILLS; IMPACT WRENCHES; PLANERS; ROUTERS; SANDERS; SHAPERS; AND SAWS; NAMELY, CHOP SAWS, CIRCU-LAR SAWS, MITER SAWS, PANEL SAWS, RADIAL ARM SAWS, RECIPROCATING SAWS, AND TABLE SAWS; BITS; NAMELY, DRILL BITS, ROUTER BITS, AND SCREW-DRIVER BITS; DRILL CHUCKS; DRILL CHUCK KEYS; HOLE CUTTER; HOLE SAW MANDRELS; SAW BLADES; AND WHEELS;

NAMELY, ABRASIVE WHEELS, GRINDING WHEELS, AND WIRE WHEELS; AND PARTS THEREFOR; IN CLASS 7 (U.S. CL. 23).
FIRST USE 0-0-1923; IN COMMERCE 0-0-1923.
FOR: BATTERY PACKS AND BATTERY CHARGERS, IN CLASS 9 (U.S. CL. 21).
FIRST USE 1-0-1992; IN COMMERCE 1-0-1992.
OWNER OF U.S. REG. NOS. 621,152 AND 1,328,005.
SEC. 2(F).

SER. NO. 74-257,872, FILED 3-23-1992.

KATHLEEN M. VANSTON, EXAMINING AT-TORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,064,666
Registered Mar. 7, 2006

## TRADEMARK
### PRINCIPAL REGISTER



BLACK & DECKER CORPORATION, THE (MARYLAND CORPORATION)

701 E. JOPPA ROAD

TOWSON, MD 21286

FOR: ELECTRIC POWER TOOLS HAVING AN ELECTRIC MOTOR OR OTHER ELECTRIC DRIVING SYSTEM, OR POWERED BY A SOURCE OF ELECTRIC ENERGY, NAMELY A BATTERY PACK, DISTRIBUTED FOR USE IN CONSTRUCTION, SPECIALTY TRADES, WOODWORKING, RETAIL SALES AND/OR GENERAL SERVICE AND REPAIR INDUSTRIES AND USED IN THE FOREGOING TRADES, INDUSTRIES OR IN AND AROUND THE HOME, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-31-1992; IN COMMERCE 1-31-1992.

THE MARK CONSISTS OF A TWO COLOR SCHEME USING YELLOW AND BLACK WHEREIN THE COLOR YELLOW IS APPLIED TO AT LEAST ONE ACCENT PORTION AND THE COLOR BLACK IS APPLIED TO THE HOUSING. THE DOTTED OUTLINE REPRESENTS THE SHAPE OF THE HOUSING AND IS INTENDED TO SHOW THE POSITION OF THE MARK AND IS NOT PART OF THE MARK AS SHOWN. THE DRAWING IS LINED FOR THE COLOR YELLOW AND THE COLOR BETWEEN THE DOTTED LINES AND THE LINING IS BLACK.

SEC. 2(F).

SER. NO. 76-009,496, FILED 3-24-2000.

KAREN BRACEY, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 3,066,999

Registered Mar. 14, 2006

## TRADEMARK
### PRINCIPAL REGISTER



THE BLACK & DECKER CORPORATION (MARYLAND JOINT STOCK COMPANY)

701 E. JOPPA ROAD

TOWSON, MD 21286

FOR: ELECTRIC POWER TOOLS HAVING AN ELECTRIC MOTOR OR OTHER ELECTRIC DRIVING SYSTEM, OR POWERED BY A SOURCE OF ELECTRIC ENERGY, NAMELY A BATTERY PACK, DISTRIBUTED FOR USE IN CONSTRUCTION, SPECIALTY TRADES, WOODWORKING, RETAIL SALES AND/OR GENERAL SERVICE AND REPAIR INDUSTRIES AND USED IN THE FOREGOING TRADES, INDUSTRIES OR IN AND AROUND THE HOME, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-31-1992; IN COMMERCE 1-31-1992.

THE MARK CONSISTS OF A TWO COLOR SCHEME USING YELLOW AND BLACK WHEREIN THE COLOR YELLOW IS APPLIED TO AT LEAST ONE ACCENT PORTION AND THE COLOR BLACK IS APPLIED TO THE HOUSING. THE DOTTED OUTLINE REPRESENTS THE SHAPE OF THE HOUSING AND IS INTENDED TO SHOW THE POSITION OF THE MARK AND IS NOT PART OF THE MARK AS SHOWN. THE DRAWING IS LINED FOR THE COLOR YELLOW AND THE COLOR BETWEEN THE DOTTED LINES AND THE LINING IS BLACK.

SEC. 2(F).

SER. NO. 76-009,226, FILED 3-24-2000.

KAREN BRACEY, EXAMINING ATTORNEY

Exhibit   2

http://tarr.uspto.gov/tarr?regser=registration&entry=1734403&action=Request+Status

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on** 2012-08-13 14:56:10 ET

**Serial Number:** 74257871 Assignment Information          Trademark Document Retrieval

**Registration Number:** 1734403

**Mark**

# DEWALT

**(words only):** DEWALT

**Standard Character claim:** No

**Current Status:** The registration has been renewed.

**Date of Status:** 2003-02-05

**Filing Date:** 1992-03-23

**Transformed into a National Application:** No

**Registration Date:** 1992-11-24

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 3

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 40S -Scanning On Demand

**Date In Location:** 2008-04-21

---

**LAST APPLICANT(S)/OWNER(S) OF RECORD**

---

1. Black & Decker Corporation, The

**Address:**
Black & Decker Corporation, The
701 East Joppa Road
Towson, MD 21204
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Maryland

---

## GOODS AND/OR SERVICES

**International Class:** 007
**Class Status:** Active
power operated tools and machines; namely, drills, and hammer drills; impact wrenches; planers;
routers; sanders; and saws; namely, chop saws, circular saws, miter saws, reciprocating saws, bits;
namely, drill bits, router bits, and screwdriver bits; drill chucks; drill chuck keys; hole cutter; hole saw
mandrels; saw blades; and wheels; namely, abrasive wheels, grinding wheels, and wire wheels; and
parts therefor
**Basis:** 1(a)
**First Use Date:** 1923-00-00
**First Use in Commerce Date:** 1923-00-00

**International Class:** 009
**Class Status:** Active
battery packs and battery chargers
**Basis:** 1(a)
**First Use Date:** 1992-01-00
**First Use in Commerce Date:** 1992-01-00

---

## ADDITIONAL INFORMATION

**Section 2(f)**

**Prior Registration Number(s):**
621152
1328005

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

http://tarr.uspto.gov/tarr?regser=registration&entry=1734403&action=Request+Status

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-04-21 - Case File In TICRS

2003-02-05 - First renewal 10 year

2003-02-05 - Section 8 (10-year) accepted/ Section 9 granted

2002-10-25 - Combined Section 8 (10-year)/Section 9 filed

2002-10-25 - TEAS Section 8 & 9 Received

1999-03-13 - Section 8 (6-year) accepted & Section 15 acknowledged

1998-10-28 - Section 8 (6-year) and Section 15 Filed

1992-11-24 - Registered - Principal Register

1992-09-01 - Published for opposition

1992-07-31 - Notice of publication

1992-06-17 - Approved for Pub - Principal Register (Initial exam)

1992-06-09 - Examiner's amendment mailed

1992-06-09 - Assigned To Examiner

1992-06-05 - Assigned To Examiner

1992-05-22 - Assigned To Examiner

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
CHARLES E. YOCUM

**Correspondent**
CHARLES E. YOCUM
THE BLACK & DECKER CORPORATION
701 E JOPPA RD
TOWSON MD 21286

---

http://tarr.uspto.gov/tarr?regser=registration&entry=1734404&action=Request+Status

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2012-08-13 15:02:14 ET

**Serial Number:** 74257872 <u>Assignment Information</u>        <u>Trademark Document Retrieval</u>

**Registration Number:** 1734404

**Mark**



**(words only):** DEWALT

**Standard Character claim:** No

**Current Status:** The registration has been renewed.

**Date of Status:** 2003-02-05

**Filing Date:** 1992-03-23

**Transformed into a National Application:** No

**Registration Date:** 1992-11-24

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 3

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 40S -Scanning On Demand

**Date In Location:** 2008-04-22

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

http://tarr.uspto.gov/tarr?regser=registration&entry=1734404&action=Request+Status

1. Black & Decker Corporation, The

**Address:**
Black & Decker Corporation, The
701 East Joppa Road
Towson, MD 21204
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Maryland

---

## GOODS AND/OR SERVICES

**International Class:** 007
**Class Status:** Active
power operated tools and machines, namely, drills, drill presses, and hammer drills; impact wrenches; planers; routers; sanders; and saws, namely, chop saws, circular saws, miter saws, reciprocating saws, and table saws; bits, namely, drill bits, router bits, and screwdriver bits; drill chucks; drill chuck keys; hole cutter; hole saw mandrels; saw blades; and wheels, namely, abrasive wheels, grinding wheels, and wire wheels; and parts therefor
**Basis:** 1(a)
**First Use Date:** 1923-00-00
**First Use in Commerce Date:** 1923-00-00

**International Class:** 009
**Class Status:** Active
battery packs and battery chargers
**Basis:** 1(a)
**First Use Date:** 1992-01-00
**First Use in Commerce Date:** 1992-01-00

---

## ADDITIONAL INFORMATION

**Section 2(f)**

**Design Search Code(s):**
**26.17.13** - Letters or words underlined and/or overlined by one or more strokes or lines; Overlined words or letters; Underlined words or letters

**Prior Registration Number(s):**
621152
1328005

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

http://tarr.uspto.gov/tarr?regser=registration&entry=1734404&action=Request+Status

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-04-22 - Case File In TICRS

2003-02-05 - First renewal 10 year

2003-02-05 - Section 8 (10-year) accepted/ Section 9 granted

2002-10-25 - Combined Section 8 (10-year)/Section 9 filed

2002-10-25 - TEAS Section 8 & 9 Received

1999-03-13 - Section 8 (6-year) accepted & Section 15 acknowledged

1998-10-28 - Section 8 (6-year) and Section 15 Filed

1992-11-24 - Registered - Principal Register

1992-09-01 - Published for opposition

1992-07-31 - Notice of publication

1992-06-17 - Approved for Pub - Principal Register (Initial exam)

1992-06-09 - Examiner's amendment mailed

1992-06-09 - Assigned To Examiner

1992-06-05 - Assigned To Examiner

1992-05-22 - Assigned To Examiner

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
CHARLES E. YOCUM

**Correspondent**
CHARLES E. YOCUM
THE BLACK & DECKER CORP
701 E JOPPA RD
TOWSON MD 21286

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on 2012-08-13 15:11:34 ET**

**Serial Number:** 76009496 <u>Assignment Information</u>        <u>Trademark Document Retrieval</u>

**Registration Number:** 3064666

**Mark**



**Standard Character claim:** No

**Current Status:** A Sections 8 and 15 combined declaration has been accepted and acknowledged.

**Date of Status:** 2012-03-30

**Filing Date:** 2000-03-24

**Transformed into a National Application:** No

**Registration Date:** 2006-03-07

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 116

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** M70 -TMO Law Office 116

**Date In Location:** 2012-03-30

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Black & Decker Corporation, The

**Address:**

http://tarr.uspto.gov/tarr?regser=registration&entry=3064666&action=Request+Status

Black & Decker Corporation, The
701 E. Joppa Road
Towson, MD 21286
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Maryland

---

## GOODS AND/OR SERVICES

**International Class:** 009
**Class Status:** Active
Electric power tools having an electric motor or other electric driving system, or powered by a source
of electric energy, namely a battery pack, distributed for use in construction, specialty trades,
woodworking, retail sales and/or general service and repair industries and used in the foregoing
trades, industries or in and around the home
**Basis:** 1(a)
**First Use Date:** 1992-01-31
**First Use in Commerce Date:** 1992-01-31

---

## ADDITIONAL INFORMATION

**Color(s) Claimed:** Color is not claimed as a feature of the mark.

**Description of Mark:** The mark consists of a two color scheme using yellow and black wherein the
color yellow is applied to at least one accent portion and the color black is applied to the housing. The
dotted outline represents the shape of the housing and is intended to show the position of the mark and
is not part of the mark as shown. The drawing is lined for the color yellow and the color between the
dotted lines and the lining is black.

**Section 2(f)**

**Design Search Code(s):**
**15.09.01 -** Batteries; Flashlight batteries
**26.03.02 -** Ovals, plain single line; Plain single line ovals
**26.03.07 -** Ovals with a decorative border, including scalloped, ruffled and zig-zag edges
**26.03.21 -** Ovals that are completely or partially shaded

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

http://tarr.uspto.gov/tarr?regser=registration&entry=3064666&action=Request+Status

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2012-03-30 - Notice Of Acceptance Of Sec. 8 & 15 - E-Mailed

2012-03-30 - Section 8 (6-year) accepted & Section 15 acknowledged

2012-03-30 - Case Assigned To Post Registration Paralegal

2012-02-24 - TEAS Section 8 & 15 Received

2006-03-07 - Registered - Principal Register

2006-01-24 - Opposition terminated for Proceeding

2006-01-24 - Opposition dismissed for Proceeding

2005-09-09 - Assigned To Examiner

2002-10-30 - Opposition instituted for Proceeding

2002-01-09 - Extension Of Time To Oppose Received

2001-12-11 - Published for opposition

2001-11-21 - Notice of publication

2001-08-13 - Approved for Pub - Principal Register (Initial exam)

2001-08-07 - Examiner's amendment mailed

2001-04-16 - Communication received from applicant

2000-10-10 - Non-final action mailed

2000-09-13 - Assigned To Examiner

2000-09-11 - Assigned To Examiner

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Adan Ayala

**Correspondent**
Adan Ayala
Stanley Black & Decker, Inc.
Patent Dept, TW199

http://tarr.uspto.gov/tarr?regser=registration&entry=3064666&action=Request+Status

701 East Joppa Road
Towson MD 21286
Phone Number: 410 716-2368
Fax Number: 410 716-2610

http://tarr.uspto.gov/tarr?regser=registration&entry=3066999&action=Request+Status

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2012-08-13 15:13:03 ET

**Serial Number:** 76009226 <u>Assignment Information</u>        <u>Trademark Document Retrieval</u>

**Registration Number:** 3066999

**Mark**



**Standard Character claim:** No

**Current Status:** A Sections 8 and 15 combined declaration has been accepted and acknowledged.

**Date of Status:** 2012-03-31

**Filing Date:** 2000-03-24

**Transformed into a National Application:** No

**Registration Date:** 2006-03-14

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 116

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** M70 -TMO Law Office 116

**Date In Location:** 2012-03-31

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. The Black & Decker Corporation

**Address:**

The Black & Decker Corporation
701 E. Joppa Road
Towson, MD 21286
United States
**Legal Entity Type:** Joint Stock Company
**State or Country Where Organized:** Maryland

---

## GOODS AND/OR SERVICES

---

**International Class:** 009
**Class Status:** Active
Electric power tools having an electric motor or other electric driving system, or powered by a source
of electric energy, namely a battery pack, distributed for use in construction, specialty trades,
woodworking, retail sales and/or general service and repair industries and used in the foregoing
trades, industries or in and around the home
**Basis:** 1(a)
**First Use Date:** 1992-01-31
**First Use in Commerce Date:** 1992-01-31

---

## ADDITIONAL INFORMATION

---

**Color(s) Claimed:** Color is not claimed as a feature of the mark.

**Description of Mark:** The mark consists of a two color scheme using yellow and black wherein the
color yellow is applied to at least one accent portion and the color black is applied to the housing. The
dotted outline represents the shape of the housing and is intended to show the position of the mark and
is not part of the mark as shown. The drawing is lined for the color yellow and the color between the
dotted lines and the lining is black.

**Section 2(f)**

**Design Search Code(s):**
**15.09.01** - Batteries; Flashlight batteries
**26.03.21** - Ovals that are completely or partially shaded
**26.03.28** - Miscellaneous designs with overall oval shape, including amoeba-like shapes and irregular
ovals; Oval shape (miscellaneous overall shape)

---

## MADRID PROTOCOL INFORMATION

---

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

---

http://tarr.uspto.gov/tarr?regser=registration&entry=3066999&action=Request+Status

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2012-03-31 - Notice Of Acceptance Of Sec. 8 & 15 - E-Mailed

2012-03-31 - Section 8 (6-year) accepted & Section 15 acknowledged

2012-03-31 - Case Assigned To Post Registration Paralegal

2012-03-01 - TEAS Section 8 & 15 Received

2006-03-14 - Registered - Principal Register

2006-01-24 - Opposition terminated for Proceeding

2006-01-24 - Opposition dismissed for Proceeding

2005-09-09 - Assigned To Examiner

2004-09-08 - Case File In TICRS

2003-10-15 - Opposition instituted for Proceeding

2003-04-08 - Published for opposition

2003-03-19 - Notice of publication

2002-09-03 - Approved for Pub - Principal Register (Initial exam)

2002-08-14 - Examiner's amendment mailed

2001-10-01 - Communication received from applicant

2001-08-07 - Final refusal mailed

2001-04-16 - Communication received from applicant

2000-10-10 - Non-final action mailed

2000-09-09 - Assigned To Examiner

---

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Adan Ayala

**Correspondent**
Adan Ayala

8/13/2012

http://tarr.uspto.gov/tarr?regser=registration&entry=3066999&action=Request+Status

Stanley Black & Decker, Inc.
Patent Dept., TW199
701 East Joppa Road
Towson MD 21286
Phone Number: 410 716-2368
Fax Number: 410 716-2610

# Exhibit   3





Exhibit 4



