1   Anthony M. Keats (Bar No. 123672)
    akeats@stubbsalderton.com
2   STUBBS ALDERTON & MARKILES, LLP
    1453 3rd Street Promenade, Suite 310
3   Santa Monica, California 90401
    Telephone:    (310) 746-9802
4   Facsimile:    (310) 746-9822

5   Attorneys for Plaintiffs
    STANLEY BLACK & DECKER, INC. and
6   THE BLACK & DECKER CORPORATION

7                            ~~SEALED~~
                        ~~BY COURT ORDER~~

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13   STANLEY BLACK & DECKER, INC., and THE      Case No.: C 12-04516 SC
     BLACK & DECKER CORPORATION,
14                                              ~~DOCUMENT FILED UNDER SEAL~~
                  Plaintiffs,
15                                              [~~PROPOSED~~] SEIZURE ORDER,
            v.                                  TEMPORARY RESTRAINING ORDER
16                                              FREEZING DEFENDANTS' FINANCIAL
     D&L ELITE INVESTMENTS, LLC, a California   ACCOUNTS AND ASSETS AND ORDER
17   limited liability company d/b/a G BAY      TO SHOW CAUSE RE: CONTEMPT
     INTERNATIONAL; BILLY DENG, an individual;  SANCTIONS FOR VIOLATION OF
18   WEISHEN LUO, an individual; and JOHN DOES  TEMPORARY RESTRAINING ORDER
     1-10, inclusive,,                          AND PRELIMINARY INJUNCTION
19
                  Defendants.
20

21

22

23

24

25

26

27

28
                                                        Case No. C 12-04516 SC
                                            [~~PROPOSED~~] SEIZURE ORDER; TRO RE:
                                    ASSET FREEZE AND OSC RE: CONTEMPT SANCTIONS

FILED

APR 24 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Having considered Plaintiffs Stanley Black & Decker, Inc. and The Black and Decker Corporation (collectively "Plaintiffs") *ex parte* application for issuance of a seizure order, temporary restraining order freezing Defendants' financial accounts and assets, and order to show cause regarding contempt sanctions by reason of Defendants' continued sale of counterfeit batteries infringing and diluting Plaintiff's DeWalt Trademarks and yellow and black DeWalt Trade Dress in violation of this Court's Temporary Restraining Order and Preliminary Injunction, and the Court having reviewed Memorandum of Points and Authorities in support of this Order, supporting Declaration and exhibits submitted herewith, finds:

1.     Plaintiffs have shown they are likely to succeed on the merits of their trademark, trade dress, unfair competition and trademark dilution claims based on Defendants' wrongful use of Plaintiffs' federally registered DeWalt trademarks and yellow and black trade dress (Registration Nos. 1,734,403; 1,734,404 (the DeWalt Trademarks"); 3,064,666; and 3,066,999 (the "DeWalt Trade Dress") (collectively the "DeWalt Trademarks and Trade Dress") in connection with counterfeit battery packs;

2.     Plaintiffs are being irreparably harmed by Defendants' continued advertising, marketing, distributing, offering to sale, and/or sale of counterfeit batteries.  Defendants' acts will confuse and deceive the public and trade as to the origin of Defendants' counterfeit goods and will dilute Plaintiffs' famous DeWalt Trademarks and DeWalt Trade Dress, causing immediate and irreparable injury, loss and damage to Plaintiffs, their trademarks, trade dress and the valuable goodwill and reputation associated therewith, and such injury, loss and damage is more likely to be sustained by Plaintiffs if the Defendants are given notice of this application prior to the issuance of the Seizure Order and Temporary Asset Restraining Order hereinafter specified and thereby given time to dispose of or move the counterfeit goods and other possible relevant evidence;

3.     The balance of hardships tips in Plaintiffs' favor and the public interest weighs in favor of granting a temporary restraining order and issuing an order to show cause re: preliminary injunction; and

4.     Plaintiffs have made a showing that *ex parte* relief is warranted given that Defendants

-1-

1   are using counterfeit trademarks and trade dress registered on the Principal Register of the United

2   States Patent and Trademark Office in connection with the manufacture, distribution, offering for

3   sale and/or selling of goods (i.e., battery packs); that Defendants are representing their products as

4   being genuine from the manufacturer when they are neither; that Defendants have infringed and are

5   infringing Plaintiffs' DeWalt Trademarks and DeWalt Trade Dress; that the counterfeit goods are

6   virtually indistinguishable to the purchasing public from the genuine goods authorized by Plaintiffs;

7   that the counterfeit goods may pose serious safety risks to consumers; and that Defendants threaten

8   to continue such acts unless immediately restrained by Order of this Court; and

9        5.     An order other than an *ex parte* seizure order is not adequate to enjoin the

10   counterfeiting and infringing of Plaintiffs' DeWalt Trademarks and DeWalt Trade Dress, and to

11   otherwise achieve the purposes of the Lanham Act, 15 U.S.C. § 1114.  Plaintiffs have not publicized

12   the requested seizure, and have presented evidence that the counterfeit goods are located at the

13   places at which the seizures are to take place.  One of the attorneys for Plaintiffs has given

14   reasonable notice to the United States Attorney for the Northern District of California that Plaintiffs

15   would be seeking herein an order for seizure of counterfeit goods and documents relating thereto.

16   The only effective method of preventing the counterfeit goods from being removed, hidden, moved,

17   destroyed or made otherwise inaccessible and of preserving other possible relevant evidence is to

18   issue an order requiring seizure of such evidence without notice to Defendants; therefore the

19   interests of justice require a waiver of notice pursuant to Federal Rule of Civil Procedure 65(b)(1)(B)

20   and the Lanham Act, 15 U.S.C. § 1116.

## SEIZURE ORDER

21

22        IT IS HEREBY ORDERED, that the United States Marshal for the Northern District of

23   California, assisted by one or more attorneys or agents of Plaintiffs, is hereby authorized to seize,

24   impound and deliver to Plaintiffs or its representatives (i) any and all unauthorized and unlicensed

25   merchandise and/or packaging bearing the DeWalt Trademarks and Trade Dress as described above;

26   (ii) the means for making the same; (iii) the books and records relating thereto, including but not

27   limited to records and data contained in electronic format on computers, servers, hard drives, zip

28

drives and/or disks; and (iv) containers or vehicles in which the same are held or transported, which

Defendants sell, attempt to sell or hold for sale, at all locations within this District and other Districts

where Defendants' Infringing Products are sold, offered for sale, distributed, transported,

manufactured and/or stored, to wit:

      a.     G Bay International Warehouse, 30502 Huntwood Avenue, Hayward, CA 94544;

      b.     2353 Old Post Way, San Jose, CA 95132; and

     And it is further ORDERED, that the United States Marshal or other law enforcement

officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter the

premises owned, leased or controlled by Defendants or the location to be searched where

Defendants' Infringing Products or labels and business records relating thereto may be found, and to

inspect the contents of any computers, rooms, vehicles, closets, cabinets, containers, cases, desks or

documents located in the identified locations or other premises controlled by Defendants; and it is

further

     ORDERED, that Plaintiffs' agents shall promptly inspect all items seized and, if any items

are found to be authorized products, which items are to be returned to Defendants within twenty (20)

business days after the date this Order is executed; and it is further

     ORDERED, that the search and seizure ordered herein may be photographed or videotaped

for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy

regarding the activities and events occurring during said search and seizure; and it is further

     ORDERED, that any merchandise and/or packaging or means of making such merchandise

and/or packaging or records and other items seized shall be appropriately tagged to permit

identification; Defendants shall be given a receipt therefor; such merchandise, records or other items

seized shall be impounded in the custody or control of Plaintiffs or Plaintiffs' agents as substitute

custodian pending further order of this Court and shall be made available for inventory inspection by

the party from which it was seized or its counsel during normal business hours; and that any such

records seized shall likewise be impounded and shall be subject to a protective order whereby access

thereto shall be initially restricted to Plaintiffs and Plaintiffs' counsel and Defendants and

Case No. C 12-04516 SC
[PROPOSED] SEIZURE ORDER; TRO RE:
ASSET FREEZE AND OSC RE: CONTEMPT SANCTIONS

1   Defendants' attorneys of record, who shall be permitted to inspect and copy such records, and such

2   records shall be copied and the copies returned to Defendants within twenty (20) business days of

3   the date this Order is executed. This protective order, restricting access to such documents, shall

4   expire on twenty (20) business days after the date this Order is executed, and it is further

5       ORDERED, that Plaintiffs shall post a corporate surety bond, cash or certified attorney's

6   check in the amount of fifty thousand dollars ($50,000) as security, determined adequate for the

7   payment of such damages as any person may be entitled to recover as a result of a wrongful seizure,

8   attempted seizure or restraint hereunder; and it is further

9       ORDERED, that sufficient cause having been shown, the above seizure shall take place and

10  service of this Order shall be made on Defendants personally, or by delivery to an adult of suitable

11  age, at Defendants' place of business or residence or where Defendants are selling or holding for

12  sale the items to be seized, and that such service shall be made and such seizure shall take place

13  within ten (10) days from the date of this Order or such tiem as may be extended by the Court; and it

14  is further

15      ORDERED, that Plaintiffs' counsel file with the Court within ten (10) business days after the

16  seizure is executed, whether goods and/or other materials were seized and a description thereof, and

17  where the goods and/or other materials are stored; and it is further

18                          **ASSET RESTRAINING ORDER**

19      ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15

20  U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to

21  its authority to provide final equitable relief, Defendants and their officers, servants, employees and

22  agents and any person in active concert or participation with them, and any banks, savings and loan

23  associations, payment processors or other financial institutions, including without limitation PayPal,

24  Inc., or other merchant account providers, payment providers, or third party processors for any

25  Defendant or any of Defendants' operations, who receive actual notice of this Order, shall

26  immediately locate all accounts connected to Defendants and that such accounts be temporarily

27  restrained and enjoined from transferring or disposing of any money or other of Defendants' assets,

28

-4-

not allowing such funds to be transferred or withdrawn, without prior approval of the Court, and it is further

ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel, any Defendant may, upon proper showing appear and move for dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets, including the following modifications:

(1)　allowing payments for ordinary living expenses not to exceed two thousand ($2,000) per month, with an accounting of such payments to be filed with the Court and provided to Plaintiffs within ten (10) days following the end of each month;

(2)　allowing Defendant to pay ordinary, legitimate business expenses as follows:

(a)　rent or mortgage in the amount normally paid as required under any lease or loan on any premises by such Defendant or company, upon presentation of said lease or loan document to Plaintiffs' counsel and verification thereof;

(b)　ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such Defendant as of the date of this Order, and such salaries do not exceed the prior month's level and further provided that Defendant shall first present to Plaintiffs' counsel written documentation verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

(c)　ordinary and necessary bills for utilities;

(d)　payments of any amounts less than two thousand dollars ($2,000), not to exceed and aggregate of more than five thousand dollars ($5,000) per month, for ordinary business expenses, which transfers shall be documented and this documentation provided to Plaintiffs' counsel within ten (10) days following the end of the month;

(3)　Defendants shall provide Plaintiffs' counsel with an accounting of all payments of living expenses, business expenses and any transfers of assets made pursuant to this Order within ten

-5-

(10) days following the end of each month; and it is further

## ORDER TO SHOW CAUSE RE: CONTEMPT SANCTIONS

ORDERED, that Defendants or their respective attorney(s) show cause on the 31st day of May 2013, at10:00 a.m., or as soon thereafter as counsel can be heard, in Courtroom 1, of the United States District Courthouse, Northern District of California, San Francisco Division, why an Order should not be issued granting Plaintiffs' request for contempt sanctions for Defendants' failure to abide by the Temporary Restraining Order and Preliminary Injunction issued by the this Court.

**IT IS FURTHER ORDERED** that Defendants shall have up to and including May 13, 2013 at 5:00 p.m. within which to file and serve to Plaintiffs' counsel, Stubbs Alderton & Markiles, LLP, via email to akeats@stubbsalderton.com, or via facsimile to (310) 746-9822, or via hand delivery to Plaintiffs' counsel at their offices located at 1453 3rd Street Promenade, Suite 310, Santa Monica, CA 90401, with any briefs, affidavits or other evidence in opposition to the Application for Order to Show Cause Re: Contempt Sanctions.  Defendants are hereby put on notice that failure to attend the order to show cause hearing shall result in the immediate issuance of the requested contempt sanctions.

Date: _April 24_ , 2013

HON. SAMUEL CONTI
UNITED STATES DISTRICT JUDGE

Case No. C 12-04516 SC
[PROPOSED] SEIZURE ORDER; TRO RE:
ASSET FREEZE AND OSC RE: CONTEMPT SANCTIONS

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STANLEY BLACK & DECKER, INC., et al.,

       Plaintiffs,

  v.

D&L ELITE INVESTMENTS, LLC, et al.,

       Defendants.

_____/

Case Number: CV12-04516 SC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Michael Keats
Stubbs Alderton & Markiles, LLP
1453 3rd Street Promenade
Suite 310
Santa Monica, CA 90401

Dated: April 24, 2013

               Richard W. Wieking, Clerk

               By: William Noble, Deputy Clerk