Anthony M. Keats (Bar No. 123672)
akeats@stubbsalderton.com
STUBBS ALDERTON & MARKILES, LLP
1453 3rd Street Promenade, Suite 310
Santa Monica, California 90401
Telephone:   (310) 746-9802
Facsimile:   (310) 746-9822

Attorneys for Plaintiffs
STANLEY BLACK & DECKER, INC. and
THE BLACK & DECKER CORPORATION

FILED
APR 2 4 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

~~SEALED BY COURT ORDER~~

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STANLEY BLACK & DECKER, INC., and THE BLACK & DECKER CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>D&L ELITE INVESTMENTS, LLC, a California limited liability company d/b/a G BAY INTERNATIONAL; BILLY DENG, an individual; WEISHEN LUO, an individual; and JOHN DOES 1-10, inclusive,,<br><br>Defendants. | Case No.: C 12-04516 SC<br><br>~~DOCUMENT FILED UNDER SEAL~~<br><br>[~~PROPOSED~~] SEIZURE ORDER, TEMPORARY RESTRAINING ORDER FREEZING DEFENDANTS' FINANCIAL ACCOUNTS AND ASSETS AND ORDER TO SHOW CAUSE RE: CONTEMPT SANCTIONS FOR VIOLATION OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

1   Having considered Plaintiffs Stanley Black & Decker, Inc. and The Black and Decker
2   Corporation (collectively "Plaintiffs") *ex parte* application for issuance of a seizure order, temporary
3   restraining order freezing Defendants' financial accounts and assets, and order to show cause
4   regarding contempt sanctions by reason of Defendants' continued sale of counterfeit batteries
5   infringing and diluting Plaintiff's DeWalt Trademarks and yellow and black DeWalt Trade Dress in
6   violation of this Court's Temporary Restraining Order and Preliminary Injunction, and the Court
7   having reviewed Memorandum of Points and Authorities in support of this Order, supporting
8   Declaration and exhibits submitted herewith, finds:

9   1.   Plaintiffs have shown they are likely to succeed on the merits of their trademark,
10   trade dress, unfair competition and trademark dilution claims based on Defendants' wrongful use of
11   Plaintiffs' federally registered DeWalt trademarks and yellow and black trade dress (Registration
12   Nos. 1,734,403; 1,734,404 (the DeWalt Trademarks"); 3,064,666; and 3,066,999 (the "DeWalt
13   Trade Dress") (collectively the "DeWalt Trademarks and Trade Dress") in connection with
14   counterfeit battery packs;

15   2.   Plaintiffs are being irreparably harmed by Defendants' continued advertising,
16   marketing, distributing, offering to sale, and/or sale of counterfeit batteries.  Defendants' acts will
17   confuse and deceive the public and trade as to the origin of Defendants' counterfeit goods and will
18   dilute Plaintiffs' famous DeWalt Trademarks and DeWalt Trade Dress, causing immediate and
19   irreparable injury, loss and damage to Plaintiffs, their trademarks, trade dress and the valuable
20   goodwill and reputation associated therewith, and such injury, loss and damage is more likely to be
21   sustained by Plaintiffs if the Defendants are given notice of this application prior to the issuance of
22   the Seizure Order and Temporary Asset Restraining Order hereinafter specified and thereby given
23   time to dispose of or move the counterfeit goods and other possible relevant evidence;

24   3.   The balance of hardships tips in Plaintiffs' favor and the public interest weighs in
25   favor of granting a temporary restraining order and issuing an order to show cause re: preliminary
26   injunction; and

27   4.   Plaintiffs have made a showing that *ex parte* relief is warranted given that Defendants

-1-

Case No. C 12-04516 SC
[PROPOSED] SEIZURE ORDER; TRO RE:
ASSET FREEZE AND OSC RE: CONTEMPT SANCTIONS

1  are using counterfeit trademarks and trade dress registered on the Principal Register of the United
2  States Patent and Trademark Office in connection with the manufacture, distribution, offering for
3  sale and/or selling of goods (i.e., battery packs); that Defendants are representing their products as
4  being genuine from the manufacturer when they are neither; that Defendants have infringed and are
5  infringing Plaintiffs' DeWalt Trademarks and DeWalt Trade Dress; that the counterfeit goods are
6  virtually indistinguishable to the purchasing public from the genuine goods authorized by Plaintiffs;
7  that the counterfeit goods may pose serious safety risks to consumers; and that Defendants threaten
8  to continue such acts unless immediately restrained by Order of this Court; and

9       5.    An order other than an *ex parte* seizure order is not adequate to enjoin the
10 counterfeiting and infringing of Plaintiffs' DeWalt Trademarks and DeWalt Trade Dress, and to
11 otherwise achieve the purposes of the Lanham Act, 15 U.S.C. § 1114.  Plaintiffs have not publicized
12 the requested seizure, and have presented evidence that the counterfeit goods are located at the
13 places at which the seizures are to take place.  One of the attorneys for Plaintiffs has given
14 reasonable notice to the United States Attorney for the Northern District of California that Plaintiffs
15 would be seeking herein an order for seizure of counterfeit goods and documents relating thereto.
16 The only effective method of preventing the counterfeit goods from being removed, hidden, moved,
17 destroyed or made otherwise inaccessible and of preserving other possible relevant evidence is to
18 issue an order requiring seizure of such evidence without notice to Defendants; therefore the
19 interests of justice require a waiver of notice pursuant to Federal Rule of Civil Procedure 65(b)(1)(B)
20 and the Lanham Act, 15 U.S.C. § 1116.

## SEIZURE ORDER

22     IT IS HEREBY ORDERED, that the United States Marshal for the Northern District of
23 California, assisted by one or more attorneys or agents of Plaintiffs, is hereby authorized to seize,
24 impound and deliver to Plaintiffs or its representatives (i) any and all unauthorized and unlicensed
25 merchandise and/or packaging bearing the DeWalt Trademarks and Trade Dress as described above;
26 (ii) the means for making the same; (iii) the books and records relating thereto, including but not
27 limited to records and data contained in electronic format on computers, servers, hard drives, zip

drives and/or disks; and (iv) containers or vehicles in which the same are held or transported, which Defendants sell, attempt to sell or hold for sale, at all locations within this District and other Districts where Defendants' Infringing Products are sold, offered for sale, distributed, transported, manufactured and/or stored, to wit:

    a.    G Bay International Warehouse, 30502 Huntwood Avenue, Hayward, CA 94544;

    b.    2353 Old Post Way, San Jose, CA 95132; and

And it is further ORDERED, that the United States Marshal or other law enforcement officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter the premises owned, leased or controlled by Defendants or the location to be searched where Defendants' Infringing Products or labels and business records relating thereto may be found, and to inspect the contents of any computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents located in the identified locations or other premises controlled by Defendants; and it is further

ORDERED, that Plaintiffs' agents shall promptly inspect all items seized and, if any items are found to be authorized products, which items are to be returned to Defendants within twenty (20) business days after the date this Order is executed; and it is further

ORDERED, that the search and seizure ordered herein may be photographed or videotaped for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy regarding the activities and events occurring during said search and seizure; and it is further

ORDERED, that any merchandise and/or packaging or means of making such merchandise and/or packaging or records and other items seized shall be appropriately tagged to permit identification; Defendants shall be given a receipt therefor; such merchandise, records or other items seized shall be impounded in the custody or control of Plaintiffs or Plaintiffs' agents as substitute custodian pending further order of this Court and shall be made available for inventory inspection by the party from which it was seized or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to Plaintiffs and Plaintiffs' counsel and Defendants and

Defendants' attorneys of record, who shall be permitted to inspect and copy such records, and such records shall be copied and the copies returned to Defendants within twenty (20) business days of the date this Order is executed. This protective order, restricting access to such documents, shall expire on twenty (20) business days after the date this Order is executed, and it is further

ORDERED, that Plaintiffs shall post a corporate surety bond, cash or certified attorney's check in the amount of fifty thousand dollars ($50,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure or restraint hereunder; and it is further

ORDERED, that sufficient cause having been shown, the above seizure shall take place and service of this Order shall be made on Defendants personally, or by delivery to an adult of suitable age, at Defendants' place of business or residence or where Defendants are selling or holding for sale the items to be seized, and that such service shall be made and such seizure shall take place within ten (10) days from the date of this Order or such tiem as may be extended by the Court; and it is further

ORDERED, that Plaintiffs' counsel file with the Court within ten (10) business days after the seizure is executed, whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored; and it is further

## ASSET RESTRAINING ORDER

ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any person in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, Inc., or other merchant account providers, payment providers, or third party processors for any Defendant or any of Defendants' operations, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets,

-4-

not allowing such funds to be transferred or withdrawn, without prior approval of the Court, and it is further

ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel, any Defendant may, upon proper showing appear and move for dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets, including the following modifications:

(1) allowing payments for ordinary living expenses not to exceed two thousand ($2,000) per month, with an accounting of such payments to be filed with the Court and provided to Plaintiffs within ten (10) days following the end of each month;

(2) allowing Defendant to pay ordinary, legitimate business expenses as follows:

(a) rent or mortgage in the amount normally paid as required under any lease or loan on any premises by such Defendant or company, upon presentation of said lease or loan document to Plaintiffs' counsel and verification thereof;

(b) ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such Defendant as of the date of this Order, and such salaries do not exceed the prior month's level and further provided that Defendant shall first present to Plaintiffs' counsel written documentation verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

(c) ordinary and necessary bills for utilities;

(d) payments of any amounts less than two thousand dollars ($2,000), not to exceed and aggregate of more than five thousand dollars ($5,000) per month, for ordinary business expenses, which transfers shall be documented and this documentation provided to Plaintiffs' counsel within ten (10) days following the end of the month;

(3) Defendants shall provide Plaintiffs' counsel with an accounting of all payments of living expenses, business expenses and any transfers of assets made pursuant to this Order within ten

-5-

(10) days following the end of each month; and it is further

## ORDER TO SHOW CAUSE RE: CONTEMPT SANCTIONS

ORDERED, that Defendants or their respective attorney(s) show cause on the 31st day of May 2013, at 10:00 a.m., or as soon thereafter as counsel can be heard, in Courtroom 1, of the United States District Courthouse, Northern District of California, San Francisco Division, why an Order should not be issued granting Plaintiffs' request for contempt sanctions for Defendants' failure to abide by the Temporary Restraining Order and Preliminary Injunction issued by the this Court.

**IT IS FURTHER ORDERED** that Defendants shall have up to and including May 13, 2013 at 5:00 p.m. within which to file and serve to Plaintiffs' counsel, Stubbs Alderton & Markiles, LLP, via email to akeats@stubbsalderton.com, or via facsimile to (310) 746-9822, or via hand delivery to Plaintiffs' counsel at their offices located at 1453 3rd Street Promenade, Suite 310, Santa Monica, CA 90401, with any briefs, affidavits or other evidence in opposition to the Application for Order to Show Cause Re: Contempt Sanctions. Defendants are hereby put on notice that failure to attend the order to show cause hearing shall result in the immediate issuance of the requested contempt sanctions.

Date: April 24, 2013

HON. SAMUEL CONTI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STANLEY BLACK & DECKER, INC., et al.,

    Plaintiffs,

v.

D&L ELITE INVESTMENTS, LLC, et al.,

    Defendants.

Case Number: CV12-04516 SC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Michael Keats
Stubbs Alderton & Markiles, LLP
1453 3rd Street Promenade
Suite 310
Santa Monica, CA 90401

Dated: April 24, 2013

    Richard W. Wieking, Clerk

    By: William Noble, Deputy Clerk