IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY BLACK & DECKER, INC., and THE BLACK & DECKER CORPORATION,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>D&L ELITE INVESTMENTS, LLC, d/b/a G BAY INTERNATIONAL; BILLY DENG; WISHEN LUO; and JOHN DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 12-4516 SC<br><br>ORDER GRANTING MOTION FOR RELIEF FROM ASSET <u>RESTRAINING ORDER</u> |

　　The above-captioned plaintiffs ("Plaintiffs") bring this action for trademark infringement against Defendants D&L Elite Investments, Billy Deng, and Wishen Luo (collectively, "Defendants") in connection with Defendants' alleged sale of counterfeit DeWalt batteries.  ECF No. 1 ("Compl.").  On April 24, 2013, the Court issued an Order restraining Defendants' financial accounts and assets.  ECF No. 50 (Asset Restraining Order ("ARO")). Thereafter, Plaintiffs froze the Citibank bank accounts of Brian Shinbaw Tang ("Tang") and Jenny Fung ("Fung").  Tang and Fung (collectively, "Movants") now move for relief from the Asset

Restraining Order. ECF No. 79 ("Mot."). Plaintiffs have opposed the motion, but Movants have declined to file a reply. ECF No. 88 ("Opp'n"). This matter is suitable for determination without oral argument per Civil Local Rule 7-1(b). For the reasons set forth below, the Motion is GRANTED.

On April 24, 2013, after Plaintiffs presented evidence indicating that Defendants violated a temporary restraining order by continuing to sell counterfeit DeWalt batteries, the Court issued the Asset Restraining Order. The Order states, in relevant part:

> [I]n accordance with Rule 64 of the Federal Rules of Civil Procedure [and] 15 U.S.C. § 1116(a) . . . Defendants and their officers, servants, employees, and agents and any person in active concert or participation with them . . . who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets . . . .

ARO at 4. In the same Order, the Court authorized the United States Marshall to seize the allegedly counterfeit batteries and ordered Defendants to show cause why contempt sanctions should not issue. The Court later sanctioned Defendants in the amount of $43,759. ECF No. 78.

Sometime after April 24, 2013, Plaintiffs froze Movants' bank accounts at Citibank without any notice. Movants then contacted Plaintiffs' counsel, requesting a release of the frozen accounts. Plaintiffs' counsel refused, leading the Movants to file the instant motion.

Movants argue that the Asset Restraining Order does not apply

2

to them because they are not defendants in this action and their accounts are not connected to Defendants.  Mot. at 5.  Movants further argue that Plaintiffs have refused to produce any evidence that Tang or Fung are acting in concert with the Defendants.  Id. Plaintiffs respond that a third-party production from PayPal ties Tang's name, address, and bank account to the sale of a large number of counterfeit DeWalt batteries on eBay.  Opp'n at 2 (citing ECF No. 89 ("McArthur Decl.") Exs. 1-3).  Plaintiffs argue that PayPal records also show that Tang is selling counterfeit DeWalt batteries from the same address as Defendant Billy Deng.

   The Court finds Plaintiffs' arguments unavailing.  Their papers do not make any attempt to link Fung to Defendants' alleged counterfeiting scheme.  Further, while Plaintiffs' evidence may suggest that Tang worked in concert with Defendants in the sale of counterfeit batteries, Tang is not a defendant in this matter.  The Court issued the Asset Restraining Order pursuant to Rule 64, which provides: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  Fed R. Civ. P 64(a).  Since Tang is not a defendant, it is entirely unclear how restraining his assets will serve Rule 64's purpose of securing satisfaction of a potential judgment.

   Moreover, Plaintiffs' reading of the Asset Restraining Order is overbroad.  The Order relates to "accounts connected to Defendants," not "any account held by persons connected to Defendants."  As Plaintiffs point out, the Order also refers to "any person in active concert or participation with [Defendants]."

However, those persons are merely required to locate accounts connected to Defendants. The notion advanced by Plaintiffs, that the Court may restrain the financial accounts of a third party without prior notice, raises serious due process concerns. C.f. <u>Connecticut v. Doehr</u>, 501 U.S. 1, 4 (1991) (finding state statute violated due process because it permitted ex parte attachment absent bond and a showing of extraordinary circumstances). To the extent that Plaintiffs are concerned about the continued sale of counterfeit DeWalt batteries, they can pursue other options. The Court has already issued an order providing for the seizure of the alleged counterfeit batteries. Moreover, Plaintiffs can move for leave to amend their complaint to add Movants as defendants in this matter.

    For these reasons, Brian Shinbaw Tang and Jenny Fung's motion for relief from the Asset Restraining Order is GRANTED. The Court hereby ORDERS that Tang and Fung's bank accounts frozen by the Plaintiffs shall be released upon entry of this Order. Plaintiffs shall not restrain any property belonging to Tang and/or Fung. The Court further ORDERS Plaintiffs to file with the Court a report describing all accounts that have been restrained pursuant to the Asset Restraining Order and explaining why those accounts were restrained. The report shall be filed within ten (10) days of the signature date of this Order.

    IT IS SO ORDERED.

    Dated: August 13, 2013

UNITED STATES DISTRICT JUDGE