# UNITED STATES DISTRICT COURT

## Northern District of California

San Francisco

| | |
|---|---|
| STANLEY BLACK & DECKER, INC., and THE BLACK & DECKER CORPORATION,<br><br>Plaintiffs,<br>v.<br><br>D&L ELITE INVESTMENTS, LLC, a California limited liability company d/b/a G BAY INTERNATIONAL; BILLY DENG, an individual, WEISHEN LUO, an individual, and JOHN DOES 1-10, inclusive,<br><br>Defendants.<br>_____/ | No. C 12-04516 SC<br><br>**NOTICE OF REFERRAL AND HEARING DATE** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The district court has referred Plaintiffs' Notice of Motion and Motion for Sanctions at ECF No. 105 to United States Magistrate Judge Laurel Beeler. The hearing is set for **November 7, 2013**, at 9:**30 a.m.** in Courtroom C, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California. The briefing schedule required by Civil Local Rule 7-3 remains in effect (with the opposition due on October 4, 2013, and the optional reply due on October 11, 2013).

Plaintiffs also note other discovery issues. *See* ECF No. 105 at 7-8. The parties should address those issues in the joint letter brief ordered by the district court. *See* ECF No. 108. The parties should limit their letter to five pages, which is the page limit set forth in the undersigned's standing order. That order, which is attached, provides for an expedited schedule for resolving discovery

disputes that gets disputes to the court in approximately two weeks. The relevant excerpt is as follows:

> The parties may not file formal discovery motions. Instead, and as required by the federal rules and local rules, the parties must meet and confer to try to resolve their disagreements. *See* Fed. R. Civ. P. 37(a)(1); Civil L. R. 37-1. After attempting other means of conferring such as letters, phone calls, or emails, lead counsel for the parties must meet and confer **in person**. (If counsel are located outside of the Bay Area and cannot confer in person, lead counsel may meet and confer by telephone.) Either party may demand such a meeting with ten days' notice. If the parties cannot agree on the location, the location for meetings will alternate. Plaintiff's counsel will select the first location, defense counsel will select the second location, and so forth. If the parties do not resolve their disagreements through this procedure, the parties must file a joint letter brief **of no more than five pages** instead of a formal motion five days after lead counsels' in-person meet-and-confer. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." Lead counsel for both parties must sign the letter and attest that they met and conferred in person. The joint letter must set out each issue in a separate section and include in that section each parties' position (with appropriate legal authority) and proposed compromise. (This process allows a side-by-side analysis of each disputed issue.) If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties must reproduce the question/request and the response in its entirety in the letter. The court then will review the letter and determine whether future proceedings are necessary. In emergencies during discovery events such as depositions, the parties may contact the Court pursuant to Civil Local Rule 37-1(b).

Given the nature of the spoliation issue, the court is allowing the motion to proceed (even though that is not the court's usual process, which is geared toward resolving production issues first and addressing sanctions later).

The parties must comply with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure, and the standing order, including the meet-and-confer procedures regarding resolution of future discovery disputes.

IT IS SO ORDERED.

Dated: September 26, 2013

_____
LAUREL BEELER
United States Magistrate Judge