IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY BLACK & DECKER, INC.; and THE BLACK & DECKER CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>D&L ELITE INVESTMENTS, LLC; BAY INTERNATIONAL; BILLY DENG; and WEISHEN LUO,<br><br>    Defendants. | Case No. 12-cv-04516-SC<br><br>ORDER ADOPTING IN PART REPORT AND RECOMMENDATION |

The Court has reviewed Magistrate Judge Beeler's report and recommendation (the "Report") regarding Plaintiffs Stanley Black & Decker, Inc. and The Black & Decker Corporation's (collectively "Black & Decker") motions to strike Defendants' jointly-filed answer, enter default, and grant default judgment. The report was issued on June 20, and objections were due by July 7. No objections have been filed.

In almost every respect, the Court finds the Report correct, well-reasoned, and thorough. However, the Court takes issue with

Judge Beeler's discussion of attorney's fees. Two relevant provisions of the Lanham Act provide for attorney's fees in some cases: 15 U.S.C. Section 1117(b) (in cases involving intentional use of a counterfeit mark) and Section 1117(c) (in "exceptional cases"). Judge Beeler denied Black & Decker attorney's fees on two distinct grounds. First, she determined that fees were legally unavailable because Black & Decker opted to receive statutory damages under 15 U.S.C. Section 1117(c). Second, she held that attorney's fees are not available under 15 U.S.C. Section 1117(a) because this case is not exceptional.

As described in Judge Beeler's report, a party who elects statutory damages under 15 U.S.C. Section 1117(c) may not also receive attorney's fees under Section 1117(b). K & N Eng'g, Inc. v. Bulat, 510 F.3d 1079, 1082-83 (9th Cir. 2007). However, Section 1117(a) includes an alternative provision for attorney's fees in "exceptional cases." The Ninth Circuit has not yet decided whether a party who chooses statutory damages under Section 1117(c) may also recover attorney's fees under Section 1117(a). See ECF No. 167 ("Rpt.") at 30-31 (citing K & N Eng'g, 510 F.3d at 1079, 1083, 1083 n.5).

After K & N Engineering, a number of district courts in the Ninth Circuit held that fees were also unavailable under Section 1117(a). See Rpt. at 30-31 (collecting cases). In 2012, however, the Second Circuit decided that fees are available under Section 1117(a) to parties electing statutory damages under Section 1117(c). See Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 111 (2d Cir. 2012). All of the district court cases Judge Beeler cites to the contrary predate Louis Vuitton. Since Louis

Vuitton, at least two judges in the Ninth Circuit, the undersigned included, have followed that case in holding that fees are available under Section 1117(a) to parties who elect statutory damages. See Ploom, Inc. v. iPloom, LLC, 13-CV-05813 SC, 2014 WL 1942218 (N.D. Cal. May 12, 2014) (Conti, J.); Partners for Health & Home, L.P. v. Seung Wee Yang, 488 B.R. 431, 440 (C.D. Cal. 2012). The Court maintains that its holding in Ploom was correct; both the plain text and legislative history of Section 1117 indicate that election of statutory damages under Section 1117(c) does not preclude an award of attorney's fees under Section 1117(a) in exceptional cases. The Second Circuit got it right in Louis Vuitton. Therefore, the Court disagrees with the magistrate judge and holds that Black & Decker may recover attorney's fees under Section 1117(a) upon a finding that this is an exceptional case.

The Court also disagrees with Judge Beeler regarding her finding that this case is not exceptional under Section 1117(a). "A trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully." Earthquake Sound Corp. v. Bumper Indus., 352 F.3d 1210, 1216 (9th Cir. 2003). Judge Beeler found that infringement in this case was willful. See Rpt. at 25 (finding willfulness from a failure to defend and recognizing the potential for statutory damages under Section 1117(c)(2), which applies only where infringement is willful). In addition to the reasons Judge Beeler cites in support of her finding, there is powerful evidence of willfulness here because Defendants continued to infringe upon Black & Decker's trademarks even after the Court entered a temporary restraining order ("TRO") and a preliminary injunction

prohibiting them from doing so.  Indeed, the Court sanctioned Defendants in this case for violating the TRO and injunction.  <u>See</u> Rpt. at 4-5; ECF No. 78 ("Contempt Order").  The Ninth Circuit has held that violation of an injunction is evidence of willfulness in trademark cases.  <u>See Earthquake Sound</u>, 352 F.3d at 1216-17, 1219 (citing <u>Transgo, Inc. v. Ajac Transmission Parts Corp.</u>, 768 F.2d 1001, 1027 (9th Cir. 1985) for the proposition that "continued infringement in violation of injunction" supports a finding of deliberate infringement).

    Despite this finding of willfulness, Judge Beeler held that:

> this is not an exceptional case for several reasons, including the award to Black & Decker of all of its fees as a discovery sanction, the undersigned's own laboring oar (through several rounds of court-directed supplemental submissions, see supra Statement) to make the record for terminating sanctions, and the course of litigation most recently starting in January.

Rpt. at 31.  The magistrate judge's report, however, cites no authority indicating that any of these are reasons that a case is not exceptional.  Indeed, the Ninth Circuit has suggested that finding of willful infringement is a per se showing of exceptionality.  <u>See Earthquake Sound</u>, 352 F.3d at 1217 (cases cited to show that willful or deliberate conduct does not per se show exceptionality are "either distinguishable or do not reflect the law of this circuit.").  Given Defendants' failure to defend and their continued infringement in the face of a temporary restraining order and a preliminary injunction, the Court agrees with Judge Beeler that infringement in this case was willful.  That finding in turn supports a finding that this is an exceptional case.  As discussed above, those findings mean that Black & Decker

4

is entitled to attorney's fees under Section 1117(a).

Apart from this point of disagreement, the Court adopts the magistrate judge's report in every respect.  Accordingly, the Court GRANTS Black & Decker's motion to strike Defendants' answer, ECF No. 151, and STRIKES Defendants' answer.  The Court DIRECTS the clerk to enter default against Defendants Billy Deng, Weishen Luo, and D&L Elite Investments, LLC.  The Court also GRANTS Black & Decker's motion for default judgment.  ECF No. 153.  An injunction shall issue with the concurrently filed judgment.  Plaintiffs have the responsibility to serve the injunction in such a manner as to make it operative in contempt proceedings.

IT IS SO ORDERED.

Dated: July GÎ, 2014

UNITED STATES DISTRICT JUDGE